IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, #154215, | ) | C/A No.: 1:15-3772-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Officer J. Quinn; Greenville County; | ) | |
| Major Stowers; Ronald Hollister; John | ) | |
| Vandermosten; and Sgt. Cozolli, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Greenville County Detention Center ("GCDC"). He filed this amended complaint pursuant to 42 U.S.C. § 1983 against Officer J. Quinn ("Quinn"), Major Stowers ("Stowers"), Administrator Ronald Hollister ("Hollister"), John Vandermosten ("Vandermosten"), and Sgt. Cozolli ("Cozolli") (collectively "Defendants"), alleging a violation of his constitutionals rights.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. On September 28, 2015, the undersigned issued a Report and Recommendation recommending Plaintiff's complaint be dismissed without prejudice. [ECF No. 8]. Plaintiff filed a motion to amend the complaint on October 7, 2015. [ECF No. 10]. On October 9, 2015, the Honorable Mary Geiger Lewis, United States District Judge, granted Plaintiff's motion to amend and remanded the case to the undersigned. [ECF No. 11]. For the reasons that follow, the

undersigned recommends the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff claims that on September 3, 2015, Quinn entered the room where "a small group of the 3A Qabalah group were talking." [ECF No. 13 at 1–2]. Plaintiff claims Quinn approached the group and told them that the string on their left wrist was a violation of GCDC policy. *Id.* at 2. Plaintiff alleges he stated "the strings were a part of [their] religious practice and that not a single C/O, Sgt., Lt. or major has said otherwise in the past year." *Id.* Plaintiff states the group protested and asked Quinn "to specifically state the rule." *Id.* Plaintiff alleges Quinn told the group if they did not remove the string that they would be sent to the SHU and they would still lose the string. *Id.* Plaintiff alleges he asked to speak to a building supervisor and claims Quinn again demanded they remove the string. *Id.* Plaintiff states he then removed the string. *Id.*

Plaintiff alleges that when Cozolli made his round, several members of the Qabalah group protested about Quinn "violating the sanctity of [their] temples, i.e. their bodies. . . ." *Id.* at 3. Plaintiff claims he told Cozolli that a string did not pose a security risk, but alleges that Cozolli "backed his officer." *Id.* Plaintiff argues Cozolli's indifference to their First Amendment rights is typical of GCDC's staff and management. *Id.* Plaintiff alleges he named Stowers, Hollister, and Vandersmoten as defendants because he "believes that Stowers is following Hollister and Vandermsoten's orders." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 4.

2

II.     Discussion

    A.     Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

  Plaintiff's amended complaint provides no factual allegations regarding Greenville County and lacks sufficient factual allegations to state a claim against Stowers, Hollister, and Vandermosten. Further, although Plaintiff complains Cozolli and Quinn were indifferent to his religious freedoms, Plaintiff does not provide any information about Qabalah or allege that wearing the string is a tenet central to the religious doctrine. To show violation of the Free Exercise Clause, a plaintiff must show the burden placed on the religious exercise is "more than an inconvenience; the burden must be substantial and an interference with a tenet or belief which is central to religious doctrine." *Bailey v. Ozmint*, C/A No. 4:08-1630-HFF-TER, 2009 WL 2635153, at *5 (D.S.C. July 27, 2009) (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987), *aff'd. sub nom.*, *Hernandez v. Commissioner*, 490 U.S. 680 (1989). Accordingly, Plaintiff

4

fails to allege sufficient facts to show how these defendants burdened his exercise of his religion. Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.

To the extent Plaintiff is pursuing a claim regarding Defendants' failure to timely process or respond to his grievances, *see* ECF No. 13 at 3–4, such a claim is not cognizable under § 1983. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (finding a prisoner has no constitutional right to a grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 21, 2015                                      Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).